**STATE, Plaintiff-Respondent, v. CHAPMAN,
Defendant-Petitioner.**

Ohio Appeals, Tenth District, Franklin County.

No. 5910.   Decided July 29, 1958.

Samuel L. Devine, Pros. Atty., Fred L. Newson, Jr., Asst. Pros., Columbus, for plaintiff-respondent.

William H. Chapman, Columbus, for himself.

## OPINION

Per CURIAM.

This case is on for hearing upon a motion of the Prosecuting Attorney of Franklin County, Ohio, to dismiss the appeal.

The motion is as follows:

"Now comes the State of Ohio, Plaintiff-Respondent herein, by its attorneys, and respectfully moves the Court for an order dismissing the petitioner's petition for a writ of error coram nobis, which was filed March 3, 1958, for the reason that the State of Ohio does not recognize common law writs which are not set forth by statute."

The case was originally filed by William H. Chapman on March 3, 1958, bearing Court of Appeals Number 5910 and entitled "State of Ohio, Plaintiff-Respondent, v. William H. Chapman, Defendant-Petitioner"; the case also bore Common Pleas Number 35599.   Defendant was sentenced in the Common Pleas Court of Franklin County on May 14, 1956, upon a guilty plea involving a check charge.

Defendant-Petitioner, Chapman, is attempting to have his case heard on what he designates as "a writ of Error-Coram-Nobis."   This was a common-law writ which the State of Ohio does not recognize in criminal procedure.   On this point we call attention to **State v. Hayslip, 90 Oh St 199**, the opinion in which is as follows:

"We find that in Ohio the common-law writs and pleas are designated and defined by statute just as crimes are designated and defined by statute.   The writ of **coram nobis** and **coram vobis**, which are invoked in behalf of the defendants in error, are no part of the criminal jurisprudence of the state of Ohio.

"The judgment of the court of appeals is reversed and that of the court of common pleas affirmed."

Attention is also called to Rule VII, Paragraph D, Section 1, of the

Court of Appeals of Ohio for the Tenth Judicial District on the question of whether or not the particular petition and the memorandum attached thereto should be considered as a motion for leave to appeal.

Due to the time which has elapsed since this case was in the Common Pleas Court of Franklin County and sentence was pronounced, we feel there is no ground or basis for granting leave to appeal. No notice of appeal was filed after the petitioner was sentenced as a defendant in the Common Pleas Court. Nothing was set forth either in his so-called petition for writ of error coram nobis or in his memorandum attached thereto which would suggest any right or basis for this court's granting leave to appeal.

The motion to dismiss the appeal will be sustained, both upon the basis that the writ of error coram nobis may not be invoked in Ohio and, further, that petitioner has shown no basis for this court's granting leave to appeal.

Motion sustained.

PETREE, PJ, BRYANT and MILLER, JJ, concur.